**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0721n.06

No. 12-4394

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RUTH LEPE-PAZ, aka Cristina Rodriguez;<br>JULIO ANAYA-FIGUEROA, | ) | **FILED**<br>*Aug 06, 2013*<br>DEBORAH S. HUNT, Clerk |
| Petitioners, | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

BEFORE:  GIBBONS and WHITE, Circuit Judges; GREER, District Judge.[*]

PER CURIAM.  Ruth Lepe-Paz and Julio Anaya-Figueroa, wife and husband, petition for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b).

Petitioners, who are natives and citizens of Mexico, were served with notices to appear (charging them as being removable) in December 2008 (R. pp. 262-64, 337-38) and applied for cancellation (R. pp. 232-240, 308-15).  In order to be eligible for that relief, petitioners were required to prove that they had been physically present in the United States continuously for at least ten years immediately preceding the date of their application, that they were of good moral character during such period, that they had not been convicted of certain offenses, and that their removal would result in exceptional hardship to a United States citizen or lawful permanent resident, who is an immediate

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

relative. 8 U.S.C. § 1229b(b)(1). "An alien shall be considered to have failed to maintain continuous physical presence in the United States . . . if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." *Id*. § 1229b(d)(2). In this matter, any period of continuous physical presence in this country is deemed to have ended in December 2008, when petitioners were served with notices to appear. *Id*. § 1229b(d)(1).

Hearings were held before an immigration judge (IJ), at which petitioners testified that they had been continuously present in the United States for the required period. Anaya-Figueroa testified that he first entered the United States in 1985 and that he returned to Mexico for short periods in 1989, 1990, 1991, 1992, and 1995. Lepe-Paz testified that she first entered the United States briefly in 1995 but that she left briefly and returned in 1996. Anaya-Figueroa was questioned about his representation on his application that he had never been arrested or convicted, and he was confronted with evidence of convictions in 1988 for driving under the influence and in 1992 for domestic violence. He eventually admitted that he remembered these events (R. pp. 133-39). Petitioners represented in Lepe-Paz's application for cancellation that their three United States citizen children had been born in this country in 1996, 1999, and 2007. One child had been diagnosed with inflammation of the parotid gland, for which he was being treated by an ear, nose, and throat specialist (R. pp. 200-01). Petitioners relied on this fact for their claim that a family member would suffer exceptional hardship on their removal from the country. The IJ denied relief (R. pp. 82-98), and petitioners appealed to the BIA, which dismissed their appeals after finding that neither petitioner had established the requisite ten years' continuous physical presence, and that Anaya-Figueroa had not established good moral character, based on his evasive testimony regarding his

criminal history (R. pp. 7-9). This petition for review followed. This court granted petitioners' motion for a stay of removal pending our decision.

Where, as in this case, the BIA issues a separate opinion, we review that decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Although Congress has divested this court of jurisdiction to review judgments regarding the granting of discretionary relief, including cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B), we have jurisdiction to review the non-discretionary factual determinations that a petitioner is not eligible for cancellation of removal because of the failure to demonstrate continuous presence in the United States. *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005). We review the BIA's factual findings to determine if they are supported by substantial evidence, and we may not reverse a finding unless the evidence compels a contrary conclusion. *Urbina-Mejia v. Holder*, 597 F.3d 360, 364 (6th Cir. 2010).

The BIA's factual finding that petitioners had not established the requisite ten years' continuous physical presence is dispositive in this case. Petitioners offered only their own testimony as to this issue. They argue that, because their children were shown to have been born in this country in 1996, 1999, and 2007, they were by inference present for the relevant period of 1998 to 2008. In *Santana-Albarran*, 393 F.3d at 705-06, we declined to overturn the factual finding that continuous physical presence had not been established by the petitioner's testimony, corroborated solely by back-dated tax returns, and we noted the various types of corroborative evidence that a petitioner could introduce to establish eligibility. In this case, petitioners failed to corroborate their testimony on the issue of physical presence with any of the suggested evidence, and they do not argue that such corroborating evidence was not reasonably available, except for the conclusory assertion raised for the first time in this petition that Lepe-Paz was a "homemaker for many years" and did not have

complete documentation of her presence for this reason. *See* 8 U.S.C. § 1229a(c)(4)(B) (providing that the IJ can require evidence to corroborate otherwise credible testimony "unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence"). Even if their children were born in this country, as they claim, this does not "compel" a finding contrary to the agency's determination that petitioners failed to prove that they remained here continuously during the relevant period. *Santana-Albarran*, 393 F.3d at 705. Finding nothing that would compel a conclusion different from that of the BIA on the issue of continuous physical presence, we DENY the petition for review, and lift the previously-granted stay of removal in this matter.